# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. ELLIS, | CASE NO. 1:11-cv-00095 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | WITHIN THIRTY DAYS |
| M. BOPARI, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I. Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

The events at issue in this action occurred at Avenal State Prison, where Plaintiff is currently housed. Plaintiff claims that he was subjected to inadequate medical care. Plaintiff names the following individual defendants: CDCR Director M. Cate; J. Walker, Chief of Third Level Appeals; J.D. Hartley, Warden at Avenal State Prison; Chief Medical Officer E. Greenman; D. McElroy, CEO of Health Care; Dr. M. Bopari, M.D.

Plaintiff's allegations stem from an injury suffered during an altercation on January 16, 2010. Plaintiff presented to medical for treatment. The nurse on duty examined Plaintiff's hand, noted swelling, bleeding and a cut on Plaintiff's right hand. Plaintiff was referred to the prison emergency room for an x-ray. At the emergency room, Plaintiff was advised that, due the long holiday weekend, he would not receive an x-ray.

On January 19, 2010, Plaintiff's hand was x-rayed. The x-rays revealed a fracture in Plaintiff's right little finger and right ring finger. Plaintiff's hand was re-splinted, told that he would see an orthopedic physician in two weeks for further evaluation. Plaintiff was prescribed Tylenol for pain. Plaintiff alleges that at this point, his hand was swollen, discolored and extremely painful.

On January 21, 2010, Plaintiff was seen at the yard clinic for a follow-up evaluation. Plaintiff was seen by a nurse, "given no treatment," and returned to his housing unit. (Compl. 4:18.) On January 26, 2010, Plaintiff was seen in the yard clinic by Dr. Teharpour (not a named defendant).

Dr. Teharpour noted the discoloration and swelling, and prescribed codeine for the pain.

On January 28, 2010, Plaintiff was transported to Bakersfield and seen by an outside physician. Plaintiff was advised that he would have pins placed inside the fractured bones in order for them to heal properly. A cast was placed on Plaintiff's hand. On February 10, 2010, the surgery was performed, and pins were placed inside Plaintiff's hand.

On February 16, 2010, Plaintiff reported to the yard clinic, "experiencing a great deal of pain." (Compl. 6:26.) Plaintiff complained that the pain was so great that he could not sleep. Plaintiff was told to submit a health care request. Plaintiff filed an inmate grievance regarding his medical treatment. On April 16, 2010, Plaintiff was served with his first level appeal response, signed by S. Malogi and Defendant Dr. Bopari.

### A. Eighth Amendment Medical Care Claim

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

1  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
2  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
3  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
4  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
5  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
6  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
7  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

8  Nor does mere delay in medical treatment constitute deliberate indifference.  Shapley v.
9  Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).  A plaintiff must show the
10 delay caused him serious harm.  But see  McGuckin, supra at 1060 (plaintiff not required to show
11 "substantial harm").  In addition, a prisoner must show defendant knew aid was required, had the
12 ability to render that aid, yet "sat idly by." Id.  In other words, deliberate indifference is a function
13 of the seriousness of prisoner plaintiff's medical needs and the wrongfulness of the defendant's
14 actions in light of those needs.  McGuckin, supra at 1061.

15 Here, Plaintiff has alleged facts indicating that he suffered from a serious medical condition,
16 but he has failed to allege facts indicating that each defendant engaged in conduct that constitutes
17 deliberate indifference.  Plaintiff, although specific about his medical condition, is vague in regards
18 to his allegations about the specific conduct of each defendant.  Plaintiff must name the individual
19 defendant, describe where that defendant is employed and in what capacity, and explain how that
20 defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words,
21 what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular
22 right described by Plaintiff.

23 Other than the supervisory defendants, addressed below, the only conduct charged to an
24 named defendant is Dr. Bopari's participation in the inmate grievance process. Actions in reviewing
25 an inmate grievance alone are not sufficient to demonstrate liability under § 1983.  "Ruling against
26 a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington
27 v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609
28 (7th Cir. 2007).  For a supervisory defendant to be liable, there must be either personal involvement

or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)).

### B. Supervisory Liability

As to the remaining, supervisory defendants, under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts indicating personal participation by any of the supervisory defendants.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 9, 2012**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE